## UNITED STATES of America, Plaintiff—Appellee,

v.

## Lyle Gerald JOHNS, Defendant—Appellant.

No. 04–10242.

D.C. No. CR–91–00392–JMR–01.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2005.*

Decided Nov. 17, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David A. Kern, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Cheryl J. Sturm, Chadds Ford, PA, for Defendant–Appellant.

** This disposition is not appropriate for publication and may not be cited to or by the

Before GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

## MEMORANDUM**

In his second appeal to this court, Lyle Gerald Johns challenges the sentence imposed by the district court following a jury trial and conviction on numerous drug-related charges. We reject Johns's arguments in full, but nevertheless remand for limited reconsideration pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005) (en banc). Because the procedural history and underlying facts of this conviction are well known to the parties, we repeat them here only as necessary to explain our decision.

■ Johns contends that his sentence should be vacated because the judge made factual findings which increased the length of his sentence beyond the maximum authorized by the jury's conviction. However, because Johns's arguments were considered and resolved in his prior appeal, further consideration is barred by the "law of the case" doctrine. *See Minidoka Irrigation Dist. v. Dep't of Interior,* 406 F.3d 567, 573 (9th Cir.2005).

■ We reject Johns's contention that exceptions to the "law of the case" doctrine permit us to reconsider this court's prior ruling on the validity of his sentence. In particular, we note that Johns did not present new evidence at resentencing, and that this court has already considered the reliability of the eyewitness testimony presented at trial. And, although Johns is correct that there have been significant recent changes in sentencing law, those changes do not require us to revisit the validity of his sentence. A prior panel of

courts of this circuit except as provided by 9th Cir. R. 36–3.

this court held that the sentencing procedure in this case violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the result would be no different under current law. However, Johns is now entitled to a limited remand and reconsideration of his sentence in light of *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

REMANDED for further sentencing proceedings consistent with this disposition.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.