**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lyle Gerald JOHNS, Defendant–Appellant.**

No. 06–10333.

United States Court of Appeals, Ninth Circuit.

Submitted April 18, 2007 *.

Filed April 24, 2007.

David A. Kern, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Cheryl J. Sturm, Chadds Ford, PA, for Defendant–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, D.W. NELSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

In this third appeal arising from appellant's convictions for various drug trafficking crimes, we must determine whether the district court erred during the limited "*Ameline* remand" ordered by this court in *United States v. Johns*, 154 Fed.Appx. 646 (9th Cir.2005). Because we conclude that (1) the district judge was not required to recuse himself, and (2) Johns's sentence is reasonable, we affirm.

Given the district judge's well-supported explanation that his recusal in *Johns v. D'Antonio* "had nothing to do with Mr. Johns, but ... had to do with ... whether it would be wise ... to preside over a case involving Mr. D'Antonio," it is self-evident that no "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably [have been] questioned." *Clemens v. United States Dist. Court for the Cent. Dist. of Ca.*, 428 F.3d 1175, 1178 (9th Cir. 2005). Indeed, a judge has a "duty ... to sit when there is no legitimate reason to recuse." *Id.* at 1179.

Our review of a district court's "*Ameline* remand" decision not to re-sentence is confined to determining whether the judge "properly understood the full scope of his discretion in a post-*Booker* world." *United States v. Combs*, 470 F.3d 1294, 1297 (9th Cir.2006). The district judge's written explanation shows that he fully considered the relevant factors and comprehend-

ed his post-*Booker* freedom to impose a non-Guidelines sentence.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

